**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelley Justin Mace, et al., | No. CV-25-04430-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| BMW Group Financial Services NA LLC, et al., | |
| Defendants. | |

Pending before the Court are Defendants' Motion to Dismiss Case or in the Alternative to Strike the Complaint (Doc. 17) and the parties' Joint Motion for Extension of Time to File Response/Reply (Doc. 26). Further briefing is not necessary, as the Court may sua sponte strike a pleading because it is redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f)(1).

## I.

Courts will strike a complaint pursuant to Federal Rule of Civil Procedure 12(f) if Rule 8 is not satisfied. *See, e.g., Liu v. Worldwide*, No. 5:18-cv-02442-SVW-KK, 2019 WL 8690216, at *1 (C.D. Cal. Jan. 30, 2019). Federal Rule of Civil Procedure 8(a) requires that a pleading contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

"[T]he Ninth Circuit has held that dismissal for failure to comply with Rule 8 is proper where 'the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *Gottschalk v. City & County of San Francisco*, 964 F. Supp. 2d 1147, 1154 (N.D. Cal. 2013) (citing *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)). The Ninth Circuit has adopted a "shotgun pleading" rule, where pleadings that fall within the following categories run afoul of Rule 8:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Gibson v. City of Portland*, No. 24-1663, 2026 WL 235118, at *16 (9th Cir. 2026).

In *Liu*, the Central District of California struck a 63-page complaint that "assert[ed] legal arguments and conclusions as opposed to a short and plain statement of the relevant facts and the legal cause of action premised on those facts." *Liu*, 2019 WL 8690216, at *1. The court found that the complaint was "replete with redundancies and appears to repeat the same cause of action multiple times under slightly different legal theories." *Id.*

## II.

This case presents circumstances much similar to those in *Liu*. Plaintiffs' complaint is 218 pages—1,000 pages with exhibits—which is nearly four times as long as the complaint that was struck in *Liu*. (Doc. 1.) Those pages are not organized, rendering it impossible to discern exactly Defendants provided a non-exhaustive list of examples where Plaintiffs re-asserts the same allegation several times. (Doc. 17 at 5-6.) In one instance, they did so eleven times. *Id.* The Complaint buries the elements of the thirteen alleged counts beneath statutory expositions and argumentative narrative, making it impossible to

discern which factual allegations support which cause of action. (Doc. 1.) Because the Complaint "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," it is the type of shotgun pleading that the Ninth Circuit identifies as subject to dismissal under Rule 8. *Gibson*, 2026 WL 235118, at *16. The Court finds that because of the verbose, redundant, and confusing nature of the Complaint, Defendants cannot adequately defend themselves because they do not have fair notice of the claims being asserted against them. *Lapena v. Las Vegas Metro. Police Dep't*, No. 2:21-CV-2170, 2024 WL 1345226, at *3 (D. Nev. Mar. 29, 2024) (citations omitted) ("The complaint is 'so mired in extraneous facts, various issues related and unrelated, and legal arguments that it fails to comply with Rule 8(a),' and it is not the court's duty to 'wade through exhibits' or prolix allegations 'to determine whether cognizable claims have been stated.'").

Defendants may be right that this case is about a simple vehicle repossession. (Doc. 17 at 2.) But the Court is not compelled to sift through Plaintiffs' incomprehensible complaint to find out. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("[O]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations."). Because the majority of the Complaint is verbose, redundant, and confusing, the Court will grant Defendants' motion (Doc. 17). The Court will strike the Complaint (Doc. 1) in its entirety pursuant to Federal Rule of Civil Procedure 12(f), and the Court will afford Plaintiffs the opportunity to cure the deficiency.

### III.

**IT IS ORDERED** that Defendants' Motion to Dismiss Case or in the Alternative to Strike the Complaint (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** striking the Complaint (Doc. 1). Plaintiffs must cure the deficiency no later than **February 26, 2026**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Extension of Time to File Response/Reply (Doc. 26) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that on **February 27, 2026**, the Clerk of Court must dismiss this case, without prejudice, and enter judgment accordingly if Plaintiffs do not file an amended complaint.

Dated this 13th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge