**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelley Justin Mace, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BMW Group Financial Services NA LLC, et al.,<br><br>    Defendants. | No. CV-25-04430-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 32.) The Court will grant the Motion.

**I.**

This case is about an automobile loan and repossession. On September 11, 2024, Plaintiffs Kelly Justin Mace and Sierra Faye Pena entered a Motor Vehicle Retail Installment Contract ("Contract") with Defendants for the purchase of a 2023 BMW X4 M40i ("Vehicle"). (Doc. 28 at 6.) Within the Contract, Plaintiffs "endors[ed] the security instrument with 'UCC 1-308, Without Recourse.'" (*Id.* at 7.) Notations such as this are often appended to endorsements made by people who consider themselves "sovereign citizens." *See Harper v. California*, No. 1:22-cv-00253-JLT-EPG (PC), 2022 WL 1094806, at *1 (E.D. Cal. Mar. 29, 2022); *see also Lopez v. Ramsey*, No. 24-cv-01925-HSG, 2024 WL 4592366, at *2 (N.D. Cal. Oct. 28, 2024) (observing that "[c]ourts have routinely rejected arguments based on this ideology as wholly frivolous"). Plaintiffs purport that the endorsement "mak[es] any and all obligations conditional upon

proper performance by Defendants and preserv[es] all Plaintiffs' rights and defenses." (Doc. 28 at 6.)

Pursuant to the terms of the Contract, Plaintiffs were to make 72 monthly payments in the amount of $1,568.64 beginning on October 26, 2024. (Doc. 28-1 at 29.) The Contract also granted Defendants a security interest in the Vehicle. (*Id.* at 31.) Plaintiffs made four payments: $1,400 as a downpayment in September 2024, $1,565 in November 2024, $997.78 in December 2024, and $750 in December 2024. (Doc. 28 at 7.) Between October 2024 and November 2025, the two parties engaged in correspondence concerning the Contract and Vehicle, and in September 2025, Defendants repossessed the Vehicle. (Doc. 28 at 15.)

Plaintiffs filed a complaint alleging eight claims. (Doc. 1.) It spanned 218 pages—953 pages with exhibits. (*Id.*) The Court struck the complaint on Defendants' request. (Doc. 27.) The Court concluded that the complaint was not organized and, the sprawling nature of the pleading rendered it impossible to discern which factual allegations support which cause of action. (Doc. 27 at 2-3.) The complaint was thus an impermissible shotgun pleading. (*Id.*) The Court admonished Plaintiffs that "the Court is not compelled to sift through Plaintiffs' incomprehensible complaint" to discern allegations related to a simple vehicle repossession. (*Id.*) Plaintiffs filed an amended complaint. (Doc. 28.) Although the amended complaint retains several of the deficiencies the Court identified in its prior Order, the Court must construe Plaintiffs' complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal citations omitted).

Plaintiffs' amended complaint raises four claims: (1) Breach of Contract, (2) Violations of the Fair Debt Collection Practices Act, (3) Violations of the Fair Credit Reporting Act, and (4) Conversion of Personal Property. (Doc. 28.) Defendants moved to dismiss the amended complaint in its entirety. (Doc. 32.)

. . . .

- 2 -

**II.**

A motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A district court may dismiss claims lacking a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Sufficient factual allegations are those that, when taken as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). Plausibility is more than mere possibility; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations "are taken as true and construed in the light most favorable to the [plaintiff]." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

**III**.

Defendants move to dismiss the amended complaint (Doc. 28) for failure to state a claim. (Doc. 32 at 1.) Defendants first argue that Plaintiffs failed to state a breach of contract claim because "their allegations do not demonstrate the breach element." (*Id.* at 4.) Defendants then argue that Plaintiffs' FDCPA claim "fails as a matter of law because it is inapplicable to defendants." (*Id.* at 8.) Defendants further argue that Plaintiffs' FCRA claims should be dismissed for the following reasons: "[the] [a]mended [c]omplaint misstates the obligations required by 15 U.S.C. § 1681b and does not plausibly allege its application" (*Id.* at 10); "[t]here is no private right of action for Plaintiffs to assert an alleged violation of 15 U.S.C. § 1681s-2(a)" (*Id.* at 11); and Plaintiffs have failed to sufficiently allege an inaccuracy in credit reporting, a threshold element of any 15 U.S.C. § 1681s-2(b) claim." (*Id.* at 12.) Finally, Defendants argue "Plaintiffs' conversion claim must be dismissed because they did not have the right to immediate possession of the vehicle at the time of repossession." (*Id.* at 15.) The Court addresses each argument in turn. . . .

- 3 -

**A.**

To establish a *prima facie* case for breach of contract Plaintiffs have the burden of proving the existence of the contract, that the Defendants breached the contract, and that the breach resulted in an injury. *Clark v. Compania Ganadera de Cananea, S.A.*, 95 Ariz. 90, 94 (1963). Defendants argue that Plaintiffs failed to state a breach of contract claim because "their allegations do not demonstrate the breach element." (Doc. 32 at 4.)

Since Plaintiffs have not fully performed, Plaintiffs rely on their appending of the endorsement "UCC 1-308, Without Recourse" in the Contract. (Doc. 28 at 18-19.) Plaintiffs believed they "reserved the right to modify the Contract with their Qualified Endorsement 'UCC 1-308 Without Recourse' verbiage." (Doc. 28-1 at 20); *see also* (*id.* at 23-28.) Here, Plaintiffs' breach of contract claim seems to be based in a faulty legal theory commonly used by those associated with the sovereign citizen movement. *Maida v. United States*, No. 2:24-CV-02375-RFB-MDC, 2025 WL 48934 (D. Nev. Jan. 7, 2025) ("[T]he Court notes that including 'UCC 1-308' and similar disclaimers is a frequent and common tactic by those who adhere to the sovereign citizen movement"). "[A]dvancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). "The endorsement[] 'without recourse' . . . in no way alter[s] Plaintiffs' obligations under the Note." *Corales v. Flagstar Bank, FSB*, 822 F.Supp.2d 1102, *1112 (W.D. Wash. Oct. 14, 2011). Plaintiffs cannot plead otherwise, so the Court will dismiss Plaintiffs' breach of contract claim with prejudice.

**B.**

Defendants move to dismiss Plaintiffs claims brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 32 at 8-9.) To be liable under the FDCPA, the defendant must be a "debt collector" within the meaning of the statute. *Dicion v. Mann Mortg.*, LLC, 718 F. App'x 476, 479 (9th Cir. 2017); *see* 15 U.S.C. § 1692(a)(6). A creditor is not a debt collector under the FDCPA. *See Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009). A "debt collector" is "any officer or employee of a creditor

while, in the name of the creditor, *collecting debts for such creditor*." 15 U.S.C. § 1692(a)(6) (emphasis added).

The amended complaint makes no allegation from which the Court could plausibly infer that Defendants regularly collect debts on behalf of others. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209-10 (9th Cir. 2013) (dismissing an FDCPA claim because Plaintiff failed to allege Wells Fargo collects the debts of another). Since the FDCPA applies to debt collectors, not creditors, Plaintiffs have not properly stated an FDCPA claim. Nor can they, since there is an exemption from the FDCPA for any person seeking to collect a debt "which was not in default at the time it was obtained by such person," *Hernandez v. Wells Fargo Home Mortg., Inc.*, 713 Fed. Appx. 711, 712 (9th Cir. 2018), Defendants took assignment of the Contract at its inception (Doc. 28-1 at 34), and Plaintiffs allege that they were not in default at that time. (Doc. 28 at 17 (alleging that "Plaintiffs have fully performed all material obligations under the Contract").

The Court will dismiss Plaintiffs' FDCPA claim without leave to amend.

## C.

Defendants also move to dismiss Plaintiffs' claims related to purported violations of the Fair Credit Reporting Act ("FCRA"). (Doc. 32 at 10-15.) Plaintiffs first allege that Defendants "furnish[ed] information without permissible purpose" pursuant to 15 U.S.C. § 1681(b). (Doc. 28 at 26.) Section 1618b "appl[ies] to credit reporting agencies, but do[es] not govern the conduct of furnishers." *Akahoshi v. Bank of Am., N.A.*, No. CV 15-818 DSF (GJSX), 2015 WL 13917116, at *1 (C.D. Cal. Aug. 5, 2015); *see also* 15 U.S.C. § 1681(b) ("[A]ny *consumer reporting agency* may furnish a consumer report under the following circumstances and no other."). 15 U.S.C. § 1681(b)(a) (emphasis added). Since Plaintiffs' claim concerns Defendants "furnish[ing] information to credit reporting agencies," not a consumer reporting agency furnishing a consumer report, Plaintiffs' claim is based on a misreading of the statute. (*See* Doc. 28 at 26.) The Court will dismiss this claim without leave to amend, since no facts can be plead to cure Plaintiffs' misinterpretation of the statute.

The second alleged violation of the FCPA is that Defendants "furnish[ed] false/unverified information" pursuant to 15 U.S.C. § 1681s-2(a). (Doc. 28 at 26.) Section 1681s-2(a)(3) establishes a "duty of furnishers of information to provide accurate information." Section 1681s-2(c) however does not provide a private right of action for violations of subsection (a). § 1681s-2(c) ("[S]ection 1681n and 1681*o* of this title [providing private right of action for willful and negligent violations] do not apply to any violation of . . . 1) subsection (a) of this section including any regulations issued thereunder."); *Gorman v. Wolpoff & Abramson*, LLP, 584 F.3d 1147, 1162 (9th Cir. 2009) (holding that a violation § 1681s-2(a) can be pursued only by federal or state official and provides no private right of action). Therefore, Plaintiff cannot bring a claim under 15 U.S.C. § 1681s-2(a), and the Court will dismiss the claim without leave to amend.

Plaintiffs also allege Defendants "fail[ed] to investigate disputes" pursuant to 15 U.S.C. § 1681s-2(b). (Doc. 28 at 27.) To prevail on their claim, Plaintiffs must "make a prima facie showing that the furnisher's report was inaccurate." (*Id.* at 1251.) A report is inaccurate under § 1681s-2(b) if it is either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decision." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018). Defendants argue Plaintiffs "have provided boilerplate, conclusory allegations of a speculative inaccuracy." (Doc. 32 at 13.) Plaintiffs generally state that Defendants furnished reports that "contain[ed] false, inaccurate, and contradictory information." (Doc. 28 at 28.) Plaintiffs point to "inconsistent payment history dates" and "inconsistent delinquency amounts," but they do not identify what payment history dates and delinquency amounts they are referencing. (*Id.*) Plaintiffs attach Exhibit O to their amended complaint, which purports to support their allegation that Defendants furnished inaccurate reports, but the exhibit contains only conclusory statements. (*See* Doc. 28-3 at 26-34.) Plaintiffs may not sustain their claim on conclusory statements that do not particularly state how the reports are inaccurate. *See OmiaghoPhilips v. Digital Fed. Credit Union*, No. 4:23-CV-240-ALM-KPJ, 2024 WL 898914, at *4 (E.D. Tex. Feb. 8, 2024) ("Plaintiff must specifically allege the inaccuracy that he noted in his

credit report to survive the Motion to Dismiss."). Plaintiffs have failed to state a claim under the FCRA. The Court will afford Plaintiffs the opportunity to specifically allege that the furnished reports were inaccurate.

**D.**

Defendants argue that Plaintiffs conversion claim, which challenges Defendants' "right to repossess the [V]ehicle" should be dismissed. (Doc. 32 at 15.) To succeed on a conversion claim under Arizona law, Plaintiffs must plead "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Focal Point, Inc. v. U-Haul Co. of Ariz.*, 746 P.2d 488, 489 (Ariz. Ct. App. 1986) (quoting Restatement (Second) of Torts § 222(A)(1) (1965)). Furthermore, the proper plaintiff in a conversion action is one "who had the right to immediate possession of the chattel at the time of the alleged conversion." *Sears Consumer Fin. Corp. v. Thunderbird Prods.*, 802 P.2d 1032, 1034 (Ariz. Ct. App. 1990) (citing Restatement (Second) of Torts § 243).

Defendants argue that Defendants had an immediate right to repossess the Vehicle when Plaintiff's' account fell delinquent, and thus, when the Vehicle was repossessed. (Doc. 32 at 14.) Plaintiffs vaguely assert that they "owned the Vehicle . . . and always had the superior right to possession of the Vehicle." (Doc. 28 at 30.) Plaintiffs were obligated under the Contract to make 72 monthly payments beginning on October 26, 2024. (Doc. 28-1 at 29.) The amended complaint concedes that Plaintiffs made only one down payment and two monthly repayments. (Doc. 28 at 7.) Plaintiffs admit "[they] are not claiming they fully performed a 72-month payment obligation through a down payment and two months of repayments." (Doc. 33 at 5.) The Contract provides that the failure to make payments when due constitutes default and authorizes BMW Bank to repossess the vehicle in the event of a default. (Doc. 28-1 at 32.) Defendants therefore were within their rights to repossess the vehicle, and "if Defendant[s] ha[ve] a valid lien, it defeats Plaintiff[s'] conversion claim because its possession is not wrongful." *Xport Forwarding LLC v. Mesitis DWC LLC*, 694 F. Supp. 3d 1258, 1266 (C. D. Cal. 2023). Plaintiffs cannot

plead otherwise, so the Court will dismiss their conversion claim without leave to amend.

**IV.**

Plaintiffs signed their amended complaint with "UCC 1-308 Without Recourse." (Doc. 28 at 38.) Like other courts, this Court "finds that [P]laintiff intended to include UCC § 1-308 to avoid the potential consequences of untruthful answers." *Maida v. United States*, 2025 WL 48934, at *2; *see also Tiffany v. Karen*, No. 2:23-CV-00393-ART-DJA, 2023 WL 11827285, at *2 (D. Nev. May 25, 2023) ("This is common in Moorish pleadings because they believe that by 'reserving your rights' you can avoid the potential consequences of untruthful answers"). Federal Rule of Civil Procedure 11 provides that "[e]very pleading . . . must be signed by . . . a party personally if the party is unrepresented." F. R. Civ. P. 11(a). "[T]he purpose of Rule 11 is undermined when filers, such as Plaintiff, seek to "reserve her rights" and thereby avoid the penalty such consequences." *Maida*, 2025 WL 48934, at *2. The Court therefore finds that Plaintiff's amended complaint violates Rule 11. The Court will dismiss Plaintiffs' forthcoming amended complaint if it does not conform to Rule 11.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 32) is **GRANTED**. Plaintiffs fail to state a claim with respect to all claims. The Court will afford Plaintiffs the opportunity to file an amended complaint curing the deficiencies identified with respect to their claim brought pursuant to 15 U.S.C. § 1681s-2(b). All other claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs must file an amended pleading, no later than **July 2, 2026**, curing the deficiencies identified with respect to their claim brought pursuant to 15 U.S.C. § 1681s-2(b).

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FINALLY ORDERED** directing the Clerk of Court to dismiss this case, with prejudice, on **July 6, 2026**, if Plaintiffs do not file an amended complaint

Dated this 24th day of June, 2026.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge